UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOHN WIDEMAN                              :

VS.                                      :        NO. 3:02CV1422(AWT)

JOHN J. ARMSTRONG                        :        FEBRUARY 28, 2005

## MEMORANDUM IN SUPPORT OF PETITION

Pursuant to the Order of the Court entered January 20, 2005, the Petitioner submits this memorandum in support of his petition for a writ of habeas corpus.

The Petitioner is presently confined in the custody of the Connecticut Commissioner of Correction.  He is serving a sentence of twenty years imprisonment, which was imposed upon him in the Connecticut Superior Court at Bridgeport on May 7, 1993, following his conviction of kidnaping in the first degree in violation of Section 53a-92(a)(2)(A) of the Connecticut General Statutes; conspiracy to commit kidnaping in the first degree and sexual assault in the first degree in violation of Sections 53a-92(a)(2)(A), 53a-70(a)(1) and 53a-48(a) of the Connecticut General Statutes; aiding first degree sexual assault in violation of Sections 53a-8, 53a-70(a)(1) of the Connecticut General Statutes;

and sexual assault in the first degree in violation of Section 53a-70(a)(1) of the Connecticut General Statutes.

Upon direct appeal of his conviction, his conviction was affirmed by the Connecticut Appellate Court on November 22, 1994.  36 Conn. App. 190.  The Connecticut Supreme Court denied his timely petition for certification on January 10, 1995.

On July 31, 1996, he filed a petition for a writ of habeas corpus  in the Connecticut Superior Court and claimed that his conviction was the result of ineffective assistance of trial counsel which violated his rights under the Sixth Amendment to the United States Constitution.  His habeas  was denied after an evidentiary hearing in a memorandum of decision filed on October 5, 2000. Certification to appeal was granted by the trial court on November 21, 2000, and the Connecticut Appellate Court affirmed the denial of the habeas corpus petition in a memorandum of decision published on January 29, 2002.  67 Conn. App. 739.  A timely petition for certification was denied by the Connecticut Supreme Court on April 23, 2002.  260 Conn. 906.

The petitioner has exhausted his state court remedies on his claim of ineffective assistance of counsel.

 This action was filed on August 9, 2002 pursuant to 28 U. S. C. 2254(d).

John Wideman, the petitioner, was charged with kidnapping and sexual assault arising out of an incident in August, 1991.  The victim testified that a group of men, including the petitioner, sexually assaulted her after a dispute concerning the sale of drugs at her housing project in Bridgeport.  The victim was permitted to testify that she believed the petitioner had been previously convicted of two homicides and was out on bail in a case involving "two bodies".  The court permitted this testimony over the objection of defense counsel, Barry Butler, who argued that the prejudicial nature of the testimony greatly outweighed its relevance.  The court gave a limiting instruction, warning the jury that the victim's testimony could be considered as "state of mind" evidence alone, and not for the truth of the statement.  The defense theory of the case was that the conduct of the "victim" had been consensual, and that the victim was an addict, who provided sexual services in exchange for drugs.

Attorney Butler strongly advised the petitioner not to testify, because he believed that there was a good appellate issue on the admission of the victim's testimony concerning the petitioner's alleged criminal history.

On appeal, the Appellate Court sustained the trial court's decision to permit the victim to testify about what she had heard concerning the defendant's prior criminal history; the court relied upon well established precedent which gave the trial cour broad discretion in determining the relevancy of evidence.

3

The Appellate Court found that the decision to let the jury hear the witness' belief was not a clear abuse of discretion, since it was relevant to the issue of possible intimidation by the defendant.  36 Conn. App. 190, at 196.

After the Supreme Court denied certification in 1994,  Wideman  filed a habeas petition.  In 2000, at the hearing on the habeas, Attorney Butler testified that during the trial,  he believed the appellate issue would be diluted if Wideman testified, because he would be required to answer specific questions about his past felony convictions.

Butler acknowledged at the hearing that he had no pertinent case-law which supported his belief at the time he recommended to Wideman that he waive his right to testify, and that his recommendation was based only upon conjecture.

Butler also testified at the hearing that he did not ask  the trial court judge to canvas the petitioner, to insure that the decision not to testify was clearly stated on the record.  Instead, Butler told the Judge that he had discussed the issue with his client and that Wideman had decided not to testify.

Thomas Farver, Esq., the petitioner's expert at the habeas hearing, stated that it was his general practice to ask the court to question the defendant, to directly canvas the defendant, in order to make a record  that the defendant had considered the issue and had decided not to testify at trial.  He testified that

4

unless it was dirrectly addressed on the record, it was unclear whether the

defendant in a criminal case had made a knowing and intelligent waiver.  The

inference was that in failing to take this step, Attorney Butler had exposed

himself to a claim of ineffective assistance because it raised the issue of duress.

At the habeas hearing, John Wideman testified that not only could he

have clarified the factual background of his criminal convictions, but he could

also have provided facts about the incident which the victim was not interested in

disclosing.  For example, there was a small boy near the scene of the dispute,

and Wideman left to take him home.  (T50).

The court reviews de novo the denial of a petition for a writ of habeas

corpus

brought under 28 U. S. C §2254.  Chalmers v. Mitchell, 73 F.3d 1262, 12666 (2d

Cir. 1996).  The inquiry is not whether the state court was incorrect or erroneous

in rejecting the claim by the petitioner, but whether it was objectively

unreasonable for the state to do so.  The petitioner must show that the state

court unreasonably applied clearly established federal Supreme Court

precedents.  Williams v. Taylor, 529 U. S. 362,120 S. Ct. 1495 (2000), Sellan v.

Kuhlman, 261 F.3d 303 (2d Cir. 2001), Francis v. Stone, 221 F. 3d 100 (2d Cir.

2000).  The court must also insure that the state court has reviewed all of the

petitioner's claims on the merits.  Sellan, supra,  309-10.  There is no dispute

5

that the claim of ineffective assistance of counsel, resulting in a deprivation of the petitioner's right to testify on his own behalf, was fairly presented and considered by the Connecticut courts.

As noted, 28 U.S.C. § 2254(d)(1), which governs the granting of a writ for applicants in state custody, provides that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall  not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim...resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as  determined by the Supreme Court of the United States."  See Williams v. Taylor, 529 U.S. 362, 412 (2000) ("[T]he phrase 'clearly established Federal law, as determined by the Supreme Court  of the United States' ... refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision."); Sellan v. Kuhlman, 261 F.3d 303, 309-10 (2d Cir.2001). "Under § 2254(d)(1), we must  determine not whether the state court was incorrect or erroneous in rejecting [petitioner's] ... claim, but whether it was 'objectively unreasonable ' in doing so." Sellan, 261 F.3d at 315. To show "an unreasonable application," petitioner must identify "[s]ome increment of incorrectness beyond error."  Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000).  See also Fuller v. Gorczyk, 273 F.3d 212, 219

6

(2d Cir.2001) (noting that the court may not grant the writ because it "simply disagreed with the [state court's] application" but must "adequately identify why it found the decision ... to be 'objectively unreasonable' ").

In determining whether a right is clearly established under federal law as determined by the Supreme Court, the courts have noted that although the Supreme Court must have acknowledged the right, it need not have considered the exact incarnation of that right or approved the specific theory in order for the underlying right to be clearly established. See, e.g., Sellan, 261 F.3d at 309 ("The Williams Court thus clarified that for AEDPA purposes, it matters only that the Strickland performance and prejudice test has been 'clearly established' – not that a particular theory of ineffective assistance derived from Strickland has been clearly established."). See also Kennaugh v. Miller, 289 F.3d 36, 45 (2d Cir.2002) ("[A] state court determination is reviewable under AEDPA if the state court decision unreasonably failed to extend a clearly established, Supreme Court defined, legal principle to situations which that principle should have, in reason, governed.").

> "The guarantee of counsel in criminal trials protects the fundamental right to a fair trial that is embodied in the Sixth Amendment, and to give substance to this right, counsel must be reasonably effective....To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) that counsel's performance 'fell below an objective standard of reasonableness,' and (2) that there is a 'reasonable probability' that, but for the deficiency, the outcome of the proceeding

7

would have been different....To determine whether a counsel's conduct is deficient, '[t]he court must...determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" United States v. Borkoski, 154 F. Supp. 2d 262, 272 (D. Conn. 2001) (citations omitted).

It is firmly established that the right to testify on one's own behalf at trial is a right of the accused himself, which counsel cannot waive.  If counsel is responsible, through advice, threats or otherwise, for an accused's failure to testify on his own behalf, counsel's conduct in producing such a result will be deemed ineffective unless it was within the objective standard of reasonableness by which counsel's conduct must be judged.  See, e.g., Whiteside v. Scurr, 750 F.2d 713 (8th Cir. 1984); Nichols v. Butler, 953 F.2d 1550 (11th Cir. 1992).

In the present case, the Superior Court and the Appellate Court concluded that defense counsel had a tactical basis for giving the advice which kept the Petitioner silent during his trial.  But the ability to articulate a reason for a decision does not necessarily make it a reasonable decision sufficient to qualify the advise as "effective assistance".  DeLuca v. Lord, 77 F.3d 578 (2d Cir. 1996).  "The fact that it was a tactic obviously does not immunize it from review in a challenge to the lawyer's effectiveness....[T]he label 'tactic' will not prevent it from being used as evidence of ineffective assistance of counsel."  Miller v. Anderson, 255 F.3d 455, 458 (7th Cir. 2001) (Posner, J.).

The question whether the conduct of criminal defense counsel was

8

ineffective within the meaning of the Sixth Amendment "is a mixed question of law and fact....As such, that question requires plenary review by this court unfettered by the clearly erroneous standard."  <u>Denby v. Commissioner of Correction</u>, 66 Conn. App. 809, 813 (2001).

Defense counsel recommended to Petitioner that he not testify on his own behalf at a trial in which the only significant evidence against him was the testimony of the complaining witness and his only possible defense was his own persuasive denial.  It is not disputed that the Petitioner wanted to testify on his own behalf and that he did not do so in deference to the advice of his attorney. The reason offered by the attorney for that advice, a concern about the Petitioner's involvement in two previous homicides, was nullified as a practical matter before the advice was given because the court permitted the complainant to testify about her beliefs concerning those homicides.  On this record, it is nothing less than irrational to justify counsel's advice as a "tactic" warranting deference by the reviewing court. The jury had already heard about two other criminal cases in which homicide was an ingredient, although the victim's hearsay testimony was murky as to the details and unclear concerning the defendant's role in those cases. Since the victim's testimony raised the question of prior convictions, and created some confusion in the minds of the jurors, it was clearly unreasonable for defense counsel to advise the Petitioner to remain

silent,  and the giving of that advice was ineffective assistance as a matter of law under the circumstances.

The expert witness at the habeas hearing, Thomas Farver, testified that he always requested the Court to canvas a defendant concerning the client's decision to waive his right to testify. (T., p. 12-15)

 Near the end of the trial,  Barry Butler, petitioner's counsel,  told the trial Judge  that he had discussed the issue of testifying with his client and would be able to advise the Court after the lunch break. (2/93, p. 343)  When court resumed, Butler said that he had spoken with his client and that his client had decided not to testify. His client was downstairs in lock up at the time.(2/93, p. 344)  Butler had no other witnesses for the defense. (P. 343, 345)  Butler did not request a canvas on the issue by the Court. (343-5)  Butler testified at the state habeas hearing  that at the time he advised his client not to testify, he found no cases which supported his belief that he had an excellent appeal issue on the wide ranging and prejudicial nature of the victim's testimony.  At the state court hearing on his habeas petition, John Wideman stated that he told his attorney that he wanted to testify.  He also said that he expected to have an opportunity to put it on the record with the Judge, but that the time never came. (T., p.10)

_____"The guarantee of counsel in criminal trials protects the fundamental right to a fair trial that is embodied in the Sixth Amendment, and to give substance to

this right, counsel must be reasonably effective....To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) that counsel's performance 'fell below an objective standard of reasonableness,' and (2) that there is a 'reasonable probability' that, but for the deficiency, the outcome of the proceeding would have been different....To determine whether a counsel's conduct is deficient, '[t]he court must...determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" United States v. Borkoski, 154 F. Supp. 2d 262, 272 (D. Conn. 2001) (citations omitted).

It is firmly established that the right to testify on one's own behalf at trial is a right of the accused himself, which counsel cannot waive.  If counsel is responsible, through advice, threats or otherwise, for an accused's failure to testify on his own behalf, counsel's conduct in producing such a result will be deemed ineffective unless it was within the objective standard of reasonableness by which counsel's conduct must be judged.  See, e.g., Whiteside v. Scurr, 750 F.2d 713 (8th Cir. 1984); Nichols v. Butler, 953 F.2d 1550 (11th Cir. 1992).

In the present case, the Connecticut courts concluded that defense counsel had a tactical basis for giving the advice which kept the Petitioner silent during his trial.  But the ability to articulate a reason for a decision does not necessarily make it a reasonable decision sufficient to qualify the advise as

"effective assistance".  <u>DeLuca v. Lord</u>, 77 F.3d 578 (2d Cir. 1996).  "The fact that it *was* a tactic obviously does not immunize it from review in a challenge to the lawyer's effectiveness....[T]he label 'tactic' will not prevent it from being used as evidence of ineffective assistance of counsel."  <u>Miller v. Anderson</u>, 255 F.3d 455, 458 (7th Cir. 2001) (Posner, J.).

The question whether the conduct of criminal defense counsel was ineffective within the meaning of the Sixth Amendment "is a mixed question of law and fact....As such, that question requires plenary review by this court unfettered by the clearly erroneous standard."  <u>Denby v. Commissioner of Correction</u>, 66 Conn. App. 809, 813 (2001).

Defense counsel unquestionably recommended to Petitioner that he not testify on his own behalf at a trial in which the only significant evidence against him was the testimony of the complaining witness and his only possible defense was his own persuasive denial.  It is not disputed that the Petitioner wanted to testify on his own behalf and that he did not do so in deference to the advice of his attorney.  The reason offered by the attorney for that advice, a concern about the Petitioner's involvement in two previous homicides, was vitiated before the advice was given by the trial court's ruling allowing the complainant to testify about those homicides.  On this record, it is nothing less than irrational to justify counsel's advice as a "tactic" warranting deference by the reviewing court.  There

12

was no legitimate basis for the advice and the giving of it was ineffective

assistance as a matter of law under those circumstances.  In ruling otherwise,

the Connecticut courts have deviated in a significant way from the Sixth

Amendment law clearly articulated in <u>Strickland v. Washington</u>, 466 U.S. 668,

687 (1984), and its progeny.


Respectfully submitted:


_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street, Suite 409
        New Haven, CT 06510
        (203) 562-9931
        FAX:  (203) 776-9494
        E-Mail: jrw@johnrwilliams.com
        Petitioner's Attorney


<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy hereof was mailed to Attorney Carolyn K.
Longstreth, Senior Assistant State's Attorney, 300 Corporate Place, Rocky Hill,
CT 06067.


_____
        JOHN R. WILLIAMS