**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JOHN WIDEMAN,** | : | **PRISONER** |
| **Petitioner,** | : | **Case No. 3:02CV1422 (AWT)** |
| | | |
| **v.** | : | |
| | | |
| **JOHN J. ARMSTRONG,** | : | **MARCH 18, 2004** |
| **Respondent.** | : | |

**MOTION FOR ENLARGEMENT OF TIME**
**WITHIN WHICH TO COMPLY WITH ORDER**

Pursuant to Rule 9 (b) of the Local Rules of Civil Procedure for the District of Connecticut,

the respondent hereby moves for an enlargement of time of thirty-two days, or until **April 22, 2005**,

to file his response to the petitioner's petition for a writ of habeas corpus.

This is the respondents' first request for an extension of time with respect to this court's

order to respond to the petitioner's memorandum in support of his petition for a writ of habeas

corpus. On March 17, 2005, counsel for the respondent contacted Attorney John R. Williams,

counsel for the petitioner, to ascertain whether he objected to the respondent's motion for an

enlargement of time. Mr. Williams indicated that he had no objection to respondent's motion.

The grounds for this motion are as follows:

1.      The petitioner was convicted of kidnaping in the first degree, in violation of General

Statutes §53a-92, sexual assault in the first degree, in violation of General Statutes §53a-70,

accessory to sexual assault in the first degree, in violation of General Statutes §§ 53a-8 and 53a-70,

and conspiracy to commit kidnaping in the first degree and sexual assault in the first degree, in

violation of General Statues §§53a-48, 53a-92 and 53a-70 in the Connecticut Superior Court for

the Judicial District of Fairfield. On May 7, 1993, the trial court, *Maiocco, J.*, sentenced the

petitioner to imprisonment for twenty years.  The petitioner's convictions were affirmed by the

Connecticut Appellate Court on November 22, 1994. See  State v. Wideman, 36 Conn. App. 190,

650 A.2d 571 (1994).  The petitioner filed a petition for certification to appeal which was denied

by the Connecticut Supreme Court on January 10, 1995. See State v. Wideman, 232 Conn. 903,

653 A.2d 192 (1995).

        2.       The petitioner then filed a petition for a writ of habeas corpus in the Connecticut

Superior Court for the Judicial District of Hartford.  On October 3, 2000, the habeas court,

*Rittenband, J.*, denied the relief sought in the state habeas corpus petition.  The judgment of the

habeas court was affirmed by the Connecticut Appellate Court on January 29, 2002. See Wideman

v. Commissioner of Correction, 67 Conn. App. 739, 789 A.2d 1097 (2002).  The petitioner filed

a petition for certification to appeal which was denied by the Connecticut Supreme Court on March

28, 2002. See Wideman v. Commissioner of Correction, 260 Conn. 906, 795 A.2d 547 (2002).

        3.       The petitioner filed a petition for a writ of habeas corpus in this court on August 15,

2002.  On September 10, 2002, the court issued an order to show cause directing the petitioner to

serve a copies of the show cause order and his petition for a writ of habeas corpus on the

respondent by October 11, 2002.  The petitioner  served the respondent with a copies of the show

cause order and his petition in compliance with the court's show cause order.    The show cause

order further directed the respondent to file his response to the petitioner's habeas corpus petition

on or before November 11, 2002.  On September 23, 2002, the respondent filed his answer to the

allegations in the petitioner's habeas corpus petition.

        4.       On January 20, 2005, this court ordered the petitioner to file a memorandum of law

in support of his habeas corpus petition by February 28, 2005.  The court also ordered the

respondent to file any response to the petitioner's memorandum within twenty-one days of the date on which the petitioner's filed his memorandum.  The petitioner filed his memorandum on February 28, 2005, in compliance with the court's order.  Therefore, the respondent's response to the petitioner's memorandum is now due on March 21, 2005.

5.      Counsel for the respondent is the supervisor of the Civil Litigation Bureau in the Office of the Chief State's Attorney.  As a result, counsel for the respondent performs numerous administrative duties for the Chief State's Attorney and has other duties involving supervision of the attorneys assigned to the Civil Litigation Bureau.  In addition, counsel for the respondent is representing the respondents in a number of other habeas corpus proceedings initiated by prisoners in the Connecticut correctional system.  Counsel for the respondent in this case also represents the respondent-warden in Daniel Webb v. Warden, CV00-0003239 S, Judicial District of Tolland. Webb is a state habeas corpus case in which the petitioner is challenging his capital felony conviction and death sentence.  Counsel for the respondents was on trial in the Webb case on March 3 and 4, 2005.  Counsel for the respondent also represents the Commissioner of Correction in Michael Ancona v. Theresa Lantz, 3:05CV363 (MRK) a federal habeas corpus proceeding pending in this court.  Respondent's counsel was required to participate in a telephonic conference on the petitioner's bail request in Ancona on March 10, 2005.  Counsel for the respondent was also required to participate in status conferences on several pending state habeas corpus cases in the Superior Court for the Judicial district of Tolland on March 9 and March 14, 2005.  Finally, counsel for the respondent, who is a member of the U.S. Army Reserve, has been ordered to active duty for a period of Annual Training at Fort Dix, New Jersey, between April 2 and April 8, 2005.

6.      As a result of his administrative duties and his responsibilities in other cases, counsel for the respondent will not be able to begin working on the response to the petitioner's memorandum in this case until March 21, 2005.   This record in this case is voluminous and includes lengthy transcripts from the petitioner's original trial and the hearing on his state habeas corpus petition.   Accordingly, counsel for the respondent believes that it will take him approximately three weeks to review the record, research the issue raised in the petitioner's habeas corpus petition and prepare  an adequate response to the claim raised by the petitioner in his habeas corpus petition.

WHEREFORE, the respondent hereby moves this court for an enlargement of time within which to file his response to the petitioner's application for a writ of habeas corpus to **April 22, 2005**.

Respectfully submitted,

JOHN J. ARMSTRONG,
COMMISSIONER OF CORRECTION
STATE OF CONNECTICUT

RESPONDENT

By: _____
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
Federal Bar No. ct 02058

**CERTIFICATION**

I hereby certify that a copy of the foregoing document was mailed, postage prepaid, first

class mail, to Attorney John R. Williams, 51 Elm Street, Suite 409, New Haven, Connecticut

06510, Tel. No. (203) 562-9931, Fax No. (203) 776-9494, on March 18, 2005.


_____
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney