UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| JOHN WIDEMAN, | : | |
| Petitioner, | : | Case No. 3:02CV1422 (AWT) 2005 APR 26 A 10: 59 |
| v. | : | DISTRICT COURT |
| JOHN J. ARMSTRONG, | : | APRIL 25, 2005 |
| Respondent. | : | |

MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO COMPLY WITH ORDER

Pursuant to Rule 9 (b) of the Local Rules of Civil Procedure for the District of Connecticut, the respondent hereby moves, *nunc pro tunc*, for an enlargement of time of seven days, or until **April 29, 2005**, to file his response to the petitioner's petition for a writ of habeas corpus.

This is the respondents' second request for an extension of time with respect to this court's order to respond to the petitioner's memorandum in support of his petition for a writ of habeas corpus. On April 25, 2005, counsel for the respondent contacted Attorney John R. Williams, counsel for the petitioner, to ascertain whether he objected to the respondent's motion for an enlargement of time. Mr. Williams indicated that he had no objection to the respondent's motion.

The grounds for this motion are as follows:

1. The petitioner was convicted of kidnaping in the first degree, in violation of General Statutes §53a-92, sexual assault in the first degree, in violation of General Statutes §53a-70, accessory to sexual assault in the first degree, in violation of General Statutes §§ 53a-8 and 53a-70, and conspiracy to commit kidnaping in the first degree and sexual assault in the first degree, in violation of General Statues §§53a-48, 53a-92 and 53a-70 in the Connecticut Superior Court for the Judicial District of Fairfield. On May 7, 1993, the trial court, *Maiocco, J.*, sentenced the petitioner to imprisonment for twenty years. The petitioner's convictions were affirmed by the Connecticut

Appellate Court on November 22, 1994. See State v. Wideman, 36 Conn. App. 190, 650 A.2d 571 (1994).   The petitioner filed a petition for certification to appeal which was denied by the Connecticut Supreme Court on January 10, 1995. See State v. Wideman, 232 Conn. 903, 653 A.2d 192 (1995).

2.      The petitioner then filed a petition for a writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Hartford.   On October 3, 2000, the habeas court, *Rittenband, J.*, denied the relief sought in the state habeas corpus petition.  The judgment of the habeas court was affirmed by the Connecticut Appellate Court on January 29, 2002. See Wideman v. Commissioner of Correction, 67 Conn. App. 739, 789 A.2d 1097 (2002).  The petitioner filed a petition for certification to appeal which was denied by the Connecticut Supreme Court on March 28, 2002. See Wideman v. Commissioner of Correction, 260 Conn. 906, 795 A.2d 547 (2002).

3.      The petitioner filed a petition for a writ of habeas corpus in this court on August 15, 2002.  On September 10, 2002, the court issued an order to show cause directing the petitioner to serve a copies of the show cause order and his petition for a writ of habeas corpus on the respondent by October 11, 2002.  The petitioner  served the respondent with a copies of the show cause order and his petition in compliance with the court's show cause order.  The show cause order further directed the respondent to file his response to the petitioner's habeas corpus petition on or before November 11, 2002.  On September 23, 2002, the respondent filed his answer to the allegations in the petitioner's habeas corpus petition.

4.      On January 20, 2005, this court ordered the petitioner to file a memorandum of law in support of his habeas corpus petition by February 28, 2005.  The court also ordered the respondent to file any response to the petitioner's memorandum within twenty-one days of the date on which

2

the petitioner's files his memorandum. The petitioner filed his memorandum on February 28, 2005,

in compliance with the court's order. The respondent's response to the petitioner's memorandum

was, therefore, due on March 21, 2005. On March 18, 2005, counsel for the respondent filed a

motion for enlargement of time to file a response to the petitioner's habeas corpus petition to April

22, 2005. This court granted the respondent's motion on March 23, 2005.

5.      Counsel for the respondent is the supervisor of the Civil Litigation Bureau in the

Office of the Chief State's Attorney. As a result, counsel for the respondent performs numerous

administrative duties for the Chief State's Attorney and has other duties involving supervision of

the attorney's assigned to the bureau. There is currently a vacancy for an attorney in the Civil

Litigation Bureau. When counsel for the respondent returned from a period of active duty with the

U.S. Army Reserve on April 11, 2005, he was required to review 41 applications to fill the vacancy

in the bureau. Counsel for the respondent is currently conducting interviews for that position.

6.      In addition, counsel for the respondent is representing the respondents in a number

of other habeas corpus proceedings initiated by prisoners in the Connecticut correctional system.

Counsel for the respondent represents the Commissioner of Correction in Michael Ancona v.

Theresa Lantz, Case No. 3:05CV363 (MRK), a federal habeas corpus proceeding pending in this

court. Respondent's counsel was required to file a brief in opposition to the petitioner's request for

bail in that case on April 4, 2005. Counsel for the respondent was also ordered to appear in the

Superior Court for the Judicial District of Tolland on April 22, 2005 on behalf of the respondent in

Marcus Gregory v. Warden, CV00-0003147. On May 4, 2004, the habeas corpus petition in Gregory

had been dismissed for failure to prosecute pursuant to Connecticut Practice Book § 14-3. On April

8, 2005, counsel for the respondent received a *sua sponte* order from the court requiring him, or a

3

member of his office, to appear on behalf of the respondent in a hearing to determine whether the case should be restored to the docket. Counsel was required to investigate the circumstances of the dismissal of the case and to research the law governing restoration of cases to the docket after they had been dismissed.

7.    As a result of his administrative duties and his responsibilities in other cases, counsel for the respondent was unable to complete his response to the petitioner's application for a writ of habeas corpus by April 22, 2005. Counsel for the respondent believes that it will take him approximately four more days to complete the respondents memorandum in opposition to the petitioner's habeas corpus petition.

WHEREFORE, the respondent hereby moves this court, *nunc pro tunc*, for an enlargement of time within which to file his response to the application for a writ of habeas corpus to **April 29, 2005.**

Respectfully submitted,

JOHN J. ARMSTRONG,
COMMISSIONER OF CORRECTION
STATE OF CONNECTICUT

RESPONDENT

By: _MICHAEL E. O'HARE_
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
Federal Bar No. ct 02058

4

## CERTIFICATION

I hereby certify that a copy of the foregoing document was mailed, postage prepaid, first class mail, to Attorney John R. Williams, 51 Elm Street, Suite 409, New Haven, Connecticut 06510, Tel. No. (203) 562-9931, Fax No. (203) 776-9494, on April 25, 2005.

MICHAEL E. O'HARE
Supervisory Assistant State's Attorney