UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN WIDEMAN, | : | |
|     Petitioner, | : | Case No. 3:02CV1422 (AWT) |
| v. | : | |
| JOHN J. ARMSTRONG, | : | MAY 13, 2005 |
|     Respondent. | : | |

**MOTION FOR ENLARGEMENT OF TIME
WITHIN WHICH TO COMPLY WITH ORDER**

Pursuant to Rule 9 (b) of the Local Rules of Civil Procedure for the District of Connecticut, the respondent hereby moves, *nunc pro tunc*, for an enlargement of time of seventeen days, or until **May 16, 2005**, to file his response to the petitioner's petition for a writ of habeas corpus.

This is the respondents' third request for an extension of time with respect to this court's order to respond to the petitioner's memorandum in support of his petition for a writ of habeas corpus. On May 13, 2005, counsel for the respondent contacted Attorney John R. Williams, counsel for the petitioner, to ascertain whether he objected to the respondent's motion for an enlargement of time. Mr. Williams indicated that he had no objection to the respondent's motion.

The grounds for this motion are as follows:

1.    The petitioner was convicted of kidnaping in the first degree, in violation of General Statutes §53a-92, sexual assault in the first degree, in violation

of General Statutes §53a-70, accessory to sexual assault in the first degree, in violation of General Statutes §§ 53a-8 and 53a-70, and conspiracy to commit kidnaping in the first degree and sexual assault in the first degree, in violation of General Statues §§53a-48, 53a-92 and 53a-70 in the Connecticut Superior Court for the Judicial District of Fairfield.  On May 7, 1993, the trial court, *Maiocco, J.*, sentenced the petitioner to imprisonment for twenty years.  The petitioner's convictions were affirmed by the Connecticut Appellate Court on November 22, 1994. See  State v. Wideman, 36 Conn. App. 190, 650 A.2d 571 (1994).  The petitioner filed a petition for certification to appeal which was denied by the Connecticut Supreme Court on January 10, 1995. See State v. Wideman, 232 Conn. 903, 653 A.2d 192 (1995).

  2. The petitioner then filed a petition for a writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Hartford.  On October 3, 2000, the habeas court, *Rittenband, J.*, denied the relief sought in the state habeas corpus petition.  The judgment of the habeas court was affirmed by the Connecticut Appellate Court on January 29, 2002. See Wideman v. Commissioner of Correction, 67 Conn. App. 739, 789 A.2d 1097 (2002).  The petitioner filed a petition for certification to appeal which was denied by the Connecticut Supreme Court on

March 28, 2002. See Wideman v. Commissioner of Correction, 260 Conn. 906, 795 A.2d 547 (2002).

    3.    The petitioner filed a petition for a writ of habeas corpus in this court on August 15, 2002. On September 10, 2002, the court issued an order to show cause directing the petitioner to serve a copies of the show cause order and his petition for a writ of habeas corpus on the respondent by October 11, 2002. The petitioner served the respondent with a copies of the show cause order and his petition in compliance with the court's show cause order. The show cause order further directed the respondent to file his response to the petitioner's habeas corpus petition on or before November 11, 2002. On September 23, 2002, the respondent filed his answer to the allegations in the petitioner's habeas corpus petition.

    4.    On January 20, 2005, this court ordered the petitioner to file a memorandum of law in support of his habeas corpus petition by February 28, 2005. The court also ordered the respondent to file any response to the petitioner's memorandum within twenty-one days of the date on which the petitioner's files his memorandum. The petitioner filed his memorandum on February 28, 2005, in compliance with the court's order. The respondent's response to the petitioner's memorandum was, therefore, due on March 21, 2005. On March 18, 2005, counsel for the respondent filed a motion for enlargement of time to file a response to the

petitioner's habeas corpus petition to April 22, 2005. This court granted the respondent's motion on March 23, 2005. Counsel for the respondent filed a second motion for enlargement of time to file a response to April 29, 2005. The court granted the respondent's motion on May 5, 2005.

    5.    When counsel for the respondent requested the last extension of time to file a response to the petitioner's habeas corpus petition, he believed that he would be able to file his memorandum in opposition within the time requested. However, counsel for the respondent was assigned to participate in the litigation relating to the execution of convicted serial killer Michael Ross, which took place earlier this date. Counsel for the respondent assisted in the preparation of the state's brief and attended oral argument in State v. Ross, __ Conn. __, SC 17422, 17423 (May 9, 2005). Counsel for the respondent also represented the Commissioner of Correction in Ross, by next friend, Dunham v. Lantz, et. al, a state habeas corpus case filed in the Judicial District of Tolland by Ross's sister, Donna Dunham. On May 9, 2005, counsel for the respondent appeared on behalf of the commissioner and successfully argued that the petition should be dismissed. Counsel for the respondent also assisted in the preparation of the state's brief filed in response to the writ of error filed in that case by the putative next friend. See Ross v. Lantz, SC 17432 (May 11, 2005).

6. Counsel for the respondent also represented the Commissioner of Correction in <u>Dunham v. Lantz</u>, Civ. No. 3:05 CV 758 (CFD), the federal habeas case filed by Ross's sister. Counsel for the respondent filed a motion to dismiss the petition and an objection to the next friend's motion to stay the execution in the case. Counsel for the respondent successfully argued for the case to be dismissed before this court, *Droney, J.*, on May 11, 2005. Counsel for the petitioner assisted in the preparation of the state's brief in response to the putative next friend's appeal to the Second Circuit and attended argument in that case on May 12, 2005. See <u>Ross, by next friend, Dunham v. Lantz, et al.</u>, __ F.3d __, No. 05-8902 (2nd Cir. 2005). Counsel for the respondent also served on the staff of the of the Capital Litigation Command Center on the evening of May 12 and the early morning hours of May 13, 2005. While working in the command center, counsel for the respondent assisted in the preparation of the commissioner's response to the putative next friend's motion for a stay of execution and a petition for certiorari in <u>Ross, etc., v. Lantz, et al.</u>, 544 U.S. __, 04-1518 (04A695) (May 12, 2005).

7. As a result of his responsibilities in the Ross litigation, counsel for the respondent was unable to complete his response to the petitioner's application for a writ of habeas corpus in this case by April 29, 2009. Counsel for the respondent, however, has made substantial progress toward completion of the memorandum in

opposition and currently has a draft of the memorandum that is thirty-three pages in length. Counsel for the respondent will be able to complete the brief and file it by the requested date of May 16, 2005.

WHEREFORE, the respondent hereby moves this court, *nunc pro tunc*, for an enlargement of time within which to file his response to the application for a writ of habeas corpus to **May 16, 2005**.

Respectfully submitted,

JOHN J. ARMSTRONG,
COMMISSIONER OF CORRECTION
STATE OF CONNECTICUT

RESPONDENT

By: _____
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
Tel. No. (860) 258-5887
Fax No. (860) 258-5968
Federal Bar No. ct 02058

## **CERTIFICATION**

I hereby certify that a copy of the foregoing document was mailed, postage prepaid, first class mail, to Attorney John R. Williams, 51 Elm Street, Suite 409, New Haven, Connecticut 06510, Tel. No. (203) 562-9931, Fax No. (203) 776-9494, on May 13, 2005.

_____
MICHAEL E. O'HARE
Supervisory Assistant State's Attorney