UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN WIDEMAN,                          :
                                       :
                Petitioner,            :
                                       :
v.                                     : CASE NO. 3:02cv1422(AWT)
                                       :
JOHN J. ARMSTRONG,                     :
                                       :
                Respondent.            :

## ORDER ACCEPTING RECOMMENDED RULING

Upon review and pursuant to 28 U.S.C. §636(b) and Rule 72.2 of the Local Rules for United States Magistrate Judges (D.Conn.), Magistrate Judge Martinez's Recommended Ruling (Doc. No. 19) on the petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is hereby ACCEPTED.  The Clerk shall enter judgment in favor of the respondent and close this case.

The court notes the following with respect to the petitioner's Objection to Recommended Ruling (Doc. No. 20).  At page 10, the memorandum asserts that Wideman was downstairs in the lock up at the time Wideman's lawyer informed the court that Wideman would not be testifying.  There is a citation to the transcript for February 9, 1993, page 343.  The state habeas court found that Wideman was present in court at the time his counsel informed the court that Wideman had decided not to testify, and that there was no objection or comment by Wideman. The times reflected in the transcript at pages 343-344 support this conclusion; there would not have been time, within a five-

minute period, for Wideman's counsel to make the representation to the court, then have Wideman brought into the courtroom from the lock up (a step to which there is no reference in the transcript), and then have the jurors and alternates brought into the courtroom.  In addition, the memorandum suggests on page 10 that Wideman testified at the third habeas hearing on May 26, 2000 that he expected to have an opportunity to put on the record with the judge at his criminal trial the fact that he wanted to testify, but that the time never came.  There is a citation to page 10 of the transcript from May 26, 2000.  However, a fair reading of Wideman's testimony at that point in the hearing is that he thought that his attorney was going to say that Wideman wanted to testify and that Wideman did not want to get into an argument with his attorney in front of the judge.  The state habeas court credited the testimony of Wideman's attorney concerning the events that transpired, and not that of Wideman.

It is so ordered.

Dated at Hartford, Connecticut, this 5th day of September 2006.

                                                  /s/AWT
                                 Alvin W. Thompson
                                 United States District Judge